2339626

FILED

UNITED STATES DISTRICT COURT
IN THE NORTHERN DISTRICT OF INDIANA
(South Bend Division)

08 APR 29 PM 3: 44

STE........, CLERK
U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF INDIANA

| | |
|---|---|
| David R. Carter,<br>117 S. Cooper Street<br>Kokomo, IN 46901<br><br>and<br><br>Brant T. Odom,<br>9427 North CR-650 West<br>Royal Center, Indiana 46978<br><br>and<br><br>Robert D. Minnick,<br>320 Burlington Avenue<br>Logansport, Indiana 46947<br><br>and<br><br>Jeremy D. Minnick<br>5902 E 800 N<br>Logansport, Indiana 46947<br><br>Individually, and on behalf of others<br>Similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>Tyson Foods, Inc.<br>P.O. Box 2020<br>Springdale, AR 72764-6999<br><br>and<br><br>Tyson Fresh Meats, Inc.<br>Subsidiary of Tyson Foods, Inc.<br>P.O. Box 2020<br>Springdale, AR 72764-6999<br><br>Defendants. | Civil Action No.<br><br>3:08CV 209<br><br>Complaint and Jury Demand |

## REPRESENTATIVE ACTION COMPLAINT

### I. Introduction

1. This is a Representative Action brought by Plaintiffs on behalf of themselves and all similarly situated current and former employees (collectively "Plaintiffs") of Defendant Tyson Foods, Inc. ("Tyson" or "Defendant Tyson") and Defendant Tyson Fresh Meats, Inc. ("Tyson Meats" or "Defendant Tyson Meats"), for the purpose of obtaining relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et seq., for unpaid overtime wages, liquidated damages, costs, and attorneys' fees. The Plaintiffs and those similarly situated work at Defendants' meat packing plant in Logansport, Indiana,

2. Plaintiffs also seek relief under the Indiana Minimum Wage Law of 1965, Ind. Code § 22-2-2 et seq., for recovery of unpaid wages as well as court costs, attorneys' fees, liquidated damages, and other relief provided by Ind. Code § 22-2-2-9.

3. Defendants failed to pay Plaintiffs their regular rate of pay as required by law for all hours of work performed. Specifically, Defendants failed to fully and properly compensate Plaintiffs for work performed in excess of 40 hours per week, at a rate of time and one-half, as mandated by the FLSA and Indiana law. Defendants' conduct is continuous.

4. The uncompensated time includes, but is not limited to, time the Plaintiffs spent: (a) donning, doffing, cleaning, and sterilizing safety equipment; (b) obtaining supplies, tools, and equipment; (c) preparing and maintaining tools and equipment; (d) attending and participating in "safety" and other meetings; (e) performing production activities; and (f) performing other uncompensated work between the first and last compensable act each day.

## II. Jurisdiction and Venue

5. Jurisdiction is conferred upon this Court by the FLSA, 29 U.S.C. §216(b), and pursuant to 28 U.S.C. §1331. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

6. Venue in this judicial district is proper because the events, acts, or omissions giving rise to Plaintiffs' claims occurred and continue to occur in this judicial district. 28 U.S.C. §1391(b)(2).

## III. Parties

7. Plaintiff David R. Carter has been employed by Defendants and has worked at Defendants' Logansport, Indiana plant for approximately five years. Plaintiff Carter has not been fully compensated for all hours worked in excess of 40 per week as required by the FLSA and Indiana law. Plaintiff Carter's current position is known as "positioning hogs." This activity takes place on Tyson's production floor at the "gam table."

8. Plaintiff Brant T. Odom has been employed at Defendants' Logansport, Indiana plant for approximately three years. Plaintiff Odom has not been fully compensated for all hours worked in excess of 40 per week as required by the FLSA and Indiana law. Plaintiff Odom has performed several jobs at Tyson over the years including, "reject butcher," "bag and box butts," and "bag and box loins."

9. Plaintiff Jeremy D. Minnick has been employed at Defendants' Logansport, Indiana plant for over two years. Plaintiff Jeremy Minnick has not been fully compensated for all hours worked in excess of 40 per week as required by the FLSA and Indiana law. Plaintiff Jeremy Minnick started at Tyson working on the bone-in loin line. Plaintiff Jeremy Minnick

now works in one of Tyson's maintenance departments known as "Department 420 – Powerhouse." In this position, he maintains and repairs all of the refrigeration units at the plant.

10. Plaintiff Robert D. Minnick has been employed at Defendants' Logansport, Indiana plant since approximately 2005. Plaintiff Robert Minnick has not been fully compensated for all hours worked in excess of 40 per week as required by the FLSA and Indiana law. Plaintiff Robert Minnick worked in general maintenance when he started working at the plant in 2005 and now works in Department 420 – Powerhouse. In his current position, he repairs and maintains boiler units and ammonia compressors at the plant.

11. Plaintiffs bring this action on behalf of themselves and all other similarly situated current and former employees of Defendants who worked at its Logansport, Indiana plant. Those employees who are similarly situated and who are encompassed by this Complaint and referred to as "Plaintiffs" in this Complaint include the following:

> All hourly employees of Tyson Foods, Inc. working at the company's Logansport, Indiana meat packing facility at any time within the three (3) years preceding the filing of this Complaint. Those encompassed by this Complaint specifically include the following categories of employees who have not been fully compensated for all hours worked: (a) knife wielding employees working on a processing line; (b) non-knife wielding employees who were not compensated for time spent setting up and servicing equipment; and (c) maintenance workers who have not been fully compensated for over-time work.

12. The Plaintiffs named in this Complaint, and many of those similarly situated, have given their written consent to the filing of this action. The written consent forms of the named Plaintiffs and other similarly situated are attached hereto and incorporated herein as Exhibit A to this Complaint.

13. Defendant Tyson Foods, Inc. is headquartered in Springdale, Arkansas. Founded in 1935, Tyson is the world's largest processor and marketer of chicken, beef and pork products. Defendant's Logansport facility is a pork processing plant. In 2007, pork processing accounted for $3.3 billion of Tyson's sales. The Logansport facility, which employs approximately 2,000 workers, is one of three Tyson facilities in the State of Indiana. In total, Defendant employs 2,826 workers in Indiana.

14. Defendant Tyson Fresh Meats, Inc. is a subsidiary of Tyson Foods, Inc., upon information and belief. Tyson Fresh Meats, Inc. is registered with the Secretary of State of Indiana and its headquarters is also located in Springdale, Arkansas.

## IV. Facts

### A. Knife Wielding Employees

15. The Logansport facility processes hogs from the live animal through dismemberment resulting in various food products. Once a hog is dismembered, its parts are processed on different "lines." Workers are required to report to these lines and wait for the product to pass their position. Those employees who staff these lines use knives to further refine the product. To protect themselves from knife accidents and to prevent a wound that will result in human blood contaminating the product, employees must wear safety equipment. As alleged herein, employees are not fully compensated for the time they are required to be on the lines and the time they spend donning, doffing and cleaning their safety equipment.

16. Specifically, knife wielding employees are required to wear special safety equipment (hereinafter, "personal safety gear") pursuant to government regulations. This equipment includes, *inter alia*, mesh aprons, arm guards, polar sleeves, plastic sheaths, stub gloves, skinner gloves, vinyl gloves, plastic aprons, belly guards, frocks, helmets, chaps, and

steel-toed boots. Employees working on production lines use knives and other sharp instruments in the course of their work.

17. Pursuant to Tyson's compensation system, employees are not fully paid for, *inter alia*, the time required to collect their personal safety gear and other gear described above, to sanitize the gear, present it for inspection, and to don the gear before the start of their paid shift. Nor are they fully compensated for the time between donning of the safety gear and the start of paid production time.

18. Pursuant to the Tyson compensation system, employees are not fully paid for time spent at the beginning of unpaid meal breaks taking off and cleaning their personal safety gear, knives, and other equipment. Similarly, employees are not paid for time spent at the end of unpaid meal breaks preparing and putting back on their personal safety gear, knives, and other equipment.

19. At the end of each work day, employees must remove their personal safety gear. Most employees also have to spend time cleaning their personal safety gear and knives at the end of each day.

20. Pursuant to Tyson's compensation system, employees are not fully compensated for the time between the end of their shift and the time they finish removing, cleaning, presenting for inspection and stowing their personal safety gear and knives.

21. Pursuant to Tyson's compensation system, employees are not fully compensated for time spent before or after their shift, or during unpaid meal breaks, to sharpen and/or grind knives. Similarly, employees are not compensated for performing a task called "working

steels," whereby employees sand knife-sharpening devices to ensure they are in proper working condition.

22. Pursuant to Tyson's compensation system, employees are not fully compensated for time spent before or after paid time, or during unpaid meal breaks, obtaining uniforms, personal safety gear, supplies, knives, and/or other tools or equipment from employer-designated locations.

23. Moreover, production employees are routinely not paid for time worked on the line. Tyson pays production workers by the shift and the shift ends when the last piece of meat hits the beginning of each particular line at Tyson. Therefore, workers who perform work on the meat after the last piece of meat hits the beginning of the line do not get paid for any work occurring after Tyson's predetermined set time to "end" the shift, even though these workers clock out after the shift ends. For example, Plaintiff Carter's time card always indicates that he has worked 39.99 hours per week even when he works more. Upon information and belief, Tyson alters its time records to reflect "shift time" rather than the actual number of hours that the worker "punches in."

24. In sum, Defendants do not compensate employees for all the time they work from their first compensable act to their last compensable act.

B. Set Up Time and Other Uncompensated Work

25. In addition to knife wielding employees, Tyson also retains workers who operate and maintain equipment facilitating the processing of the pork product.

26. Pursuant to Tyson's compensation system, employees operating and maintaining equipment ("maintenance employees") are not fully compensated for time spent setting up,

servicing, or preparing their equipment to operate during the shift. Nor are some of these employees fully compensated for overtime work during weeks that encompass established holidays.

27. Specifically, maintenance employees working in Department 420 or the Powerhouse ("Department 420") are required to gather and suit up with protective and other safety gear and attend "safety meetings," which occur each day, before they are allowed to "punch in" and be compensated for their time.

28. In addition, Tyson routinely fails to pay Department 420 maintenance employees for all the time worked on the "floor" of the plant. Tyson fails to pay these employees for all the time they work either before or after their scheduled shift. If a maintenance employee is scheduled to work from 12:00 noon to 12:30 A.M. and the employee works to and punches out at 12:45 a.m., Tyson does not pay the employee for the fifteen minutes worked past the shift. Upon information and belief, Tyson alters the time records of these workers and, upon information and belief, other employees, because the number of hours and minutes worked is always the same on most weeks for Department 420 employees. For example, Plaintiff Jeremy Minnick's pay is always for *exactly* forty eight hours unless he works an entire additional shift (such as 60 hours or five twelve hour shifts) or fails to complete 48 hours within his seven day work week.

29. Among other wrongful schemes, Defendants manipulate the work week for Department 420 employees so as to deprive them of overtime pay. Defendants' conduct violates the FLSA and 29 C.F.R. § 778.301.

30. Pursuant to the compensation system, Defendants have otherwise and routinely made a pattern and practice of not fully compensating, in accordance with law, those encompassed by this Complaint.

31. As a result of the above and other practices and policies followed by Defendants, Plaintiffs have not been paid for compensable time which they work(ed) in excess of 40 hours per week.

32. The Plaintiffs were and are, at all times, employees in an industry affecting commerce within the definition of 29 U.S.C. §203(e)(1).

33. All similarly situated individuals working in commerce and/or the production of goods for commerce in the Defendants' processing plant in Logansport, were and are continuously deprived of their lawful wages under the FLSA and the Indiana Minimum Wage Law of 1965 in the same manner as Plaintiffs. This action is brought on behalf of those similarly situated workers.

34. The facts and circumstances relating to the terms and conditions of Tyson's employment of workers at its Logansport plant, Tyson's compensation systems, and employment-related activities prior to, and after workers' paid shifts, present common questions of law and fact as to the named Plaintiffs and similarly situated Plaintiffs who may opt in to this suit as parties pursuant to 29 U.S.C. §216(b).

35. The claims of the named Plaintiffs pursuant to 29 U.S.C. §201, et seq., are typical of the claims of the more than 2,000 similarly situated employees. The named Plaintiffs are adequate representatives of those similarly situated employees in that the named Plaintiffs' claims are substantially the same as the claims of similarly situated employees, and the named

Plaintiffs have no conflicts which would preclude their representing similarly situated employees and former employees.

36. The Defendants' failure to pay Plaintiffs and similarly situated workers their lawful wages required by the FLSA and the Indiana Minimum Wage Law of 1965 was willful. Defendants knew, should have known, and/or showed reckless disregard for the matter of whether its above-described conduct was prohibited by the FLSA and the Indiana Minimum Wage Law of 1965.

37. Despite its knowledge that time spent by Plaintiffs and similarly situated workers, as described above, was compensable time under the FLSA and the Indiana Minimum Wage Law of 1965, Defendants have taken no steps to compensate workers at its Logansport facility for this time.

## V. Causes of Action

### COUNT I

### Violations of Federal FLSA

38. Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

39. Pursuant to the FLSA, 29 U.S.C. §207, Defendants were and are obligated to pay employees at a rate equal to one and one-half times their normal hourly rate for all time spent performing compensable work in excess of 40 hours per week.

40. Pursuant to the FLSA, 29 U.S.C. §216(b), employers such as Defendants who fail to pay employees the required amount of overtime at a statutory rate must reimburse the employees for not only the unpaid overtime wages, but also for liquidated damages in an amount equal to the amount of unpaid overtime wages.

41. Pursuant to the FLSA, 29 U.S.C. §216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid overtime wages.

42. Defendants have violated the FLSA by failing to pay Plaintiffs and similarly situated employees for all compensable time and by failing to pay Plaintiffs and similarly situated employees for work time, including overtime, at the established rate.

## COUNT II

### Violation of Indiana Minimum Wage Law of 1965

43. Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

44. Pursuant to the Indiana Minimum Wage Law of 1965, Ind. Code § 22-2-2 et seq., Defendants were and are obligated to pay employees who worked or are working at its Logansport facility at a rate equal to one and one-half times their normal hourly rate for all time spent performing compensable work in excess of 40 hours per week.

45. Plaintiffs who worked or are working at Tyson's Logansport facility are entitled to all damages and other relief provided in Ind. Code § 22-2-2-9.

46. Defendants have violated Ind. Code § 22-2-2-4 (k) by failing to pay Plaintiffs and similarly situated employees who worked or are working at its Logansport facility for all compensable time and by failing to pay these Plaintiffs and similarly situated employees for work time, including overtime, at the established rate.

47. Plaintiffs who worked or are working at Tyson's Logansport facility are entitled to costs, disbursements, witness fees and attorneys' fees pursuant to Ind. Code § 22-2-2-9.

## **PRAYER FOR RELIEF**

## **WHEREFORE, PLAINTIFFS REQUEST THAT THIS COURT GRANT THE FOLLOWING RELIEF:**

A.    Issue an Order directing and requiring Defendants to pay Plaintiffs and all other similarly situated employees damages in the form of reimbursement for unpaid wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided in the FLSA and/or the Indiana Minimum Wage Law of 1965.

B.    Issue an Order directing and requiring Defendants to pay Plaintiffs and all other similarly situated employees liquidated damages pursuant to the FLSA and/or the Indiana Minimum Wage Law of 1965 in an amount equal to, and in addition to, the amount of overtime wages owed them.

C.    Determine whether Tyson is currently, and has been for the applicable time period, in full compliance with the record keeping provisions of the FLSA and the applicable regulations and the Indiana Minimum Wage Law of 1965.

D.    Issue an Order directing Defendants to reimburse Plaintiffs and all other similarly situated employees for the costs and attorneys' fees expended in the course of litigating this action.

E.    Provide Plaintiffs with such other and further relief as this Court deems just and equitable.

## **JURY DEMAND**

Plaintiffs hereby request trial of the foregoing cause by jury on all issues so triable.

_[signature]_
Jonathan D. Karmel*
The Karmel Law Firm
221 N. LaSalle Street, Suite 1414
Chicago, IL 60601
Phone: (312) 641-2910
Fax: (312) 641-0781
jon_karmellaw@ameritech.net

Reuben A. Guttman*
Traci L. Buschner*
Grant & Eisenhofer P.A.
1920 L Street, NW, Suite 400
Washington, DC 20036
Phone: (202) 386-9500
Fax: (202) 386-9505
Rguttman@gelaw.com
Tbuschner@gelaw.com

Stephen G. Grygiel*
Peter B. Andrews*
Grant & Eisenhofer P.A.
1201 North Market Street
Wilmington, DE 19801
Phone: (302) 622-7000
Fax: (303) 622-7100
Sgrygiel@gelaw.com
Pandrews@gelaw.com

COUNSEL FOR PLAINTIFFS
AND PUTATIVE CLASS

* All Counsel for Plaintiffs are filing *pro hac vice* motions contemporaneously with the filing of this Complaint.